[Crim. No. 974. First Appellate District, Division One.—July 12, 1921.]

## THE PEOPLE, Respondent, v. ALLAN MacDONALD, Appellant.

[1] CRIMINAL LAW—INDICTMENTS—CHARGES OF DIFFERENT OFFENSES OF SAME CLASS—CONSOLIDATION—ABSENCE OF ERROR.—In view of section 954 of the Penal Code, which provides that if two or more indictments or informations are filed in the cases mentioned in the section, the court may order them to be consolidated, it was not error to consolidate charges of rape and of the commission of the infamous crime against nature embraced in separate indictments, where the two offenses were charged in the indictments to have been committed upon the body of the same person.

[2] ID.—EVIDENCE — TIME OF COMMISSION OF OFFENSES—LACK OF PREJUDICE.—A defendant charged under separate indictments with the crime of rape and with the commission of the infamous crime against nature was not prejudiced by the consolidation of the charges and their trial together because of the fact that the evidence showing the defendant to be guilty of the latter crime disclosed that such offense was committed after the several crimes of rape which he was charged with having aided and abetted had been fully consummated, where it also appeared, not only that the crimes of rape were committed in the course of a general orgy of passion and lust in which the defendant took throughout a sufficiently guilty part, but that one of the crimes of rape was practically coincident in its commission with that of the commission of such infamous crime against nature.

[3] ID.—OFFENSE AGAINST THIRD PERSON—LACK OF PREJUDICE.—The admission, in such a consolidated trial, of the testimony of a third person as to an offense in the nature of an attempted rape committed by the defendant against her and which was not embraced in either of the indictments was not error, where such act and the acts charged were so interrelated as to form a continuous series of offenses in which each act and offense of each perpetrator was part of the *res gestae* as to all concerned.

[4] ID.—REFUSAL OF CHANGE OF PLACE OF TRIAL—DISCRETION NOT ABUSED.—A denial of a motion for a change of place of trial supported by affidavits showing an aroused state of public feeling over the commission of the offenses with which the defendant and his associates were charged was not an abuse of discretion, where a panel of twelve qualified jurors was actually obtained from a very fair and full *voir dire* examination of thirty-six jurors, dur-

ing the course of which the defendant challenged but two prospective jurors for cause, one of whom was dismissed upon such challenge.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial. Louis H. Ward, Judge. Affirmed.

The facts are stated in the opinion of the court.

Joseph McInerney for Appellant.

U. S. Webb, Attorney-General, John H. Riordan, Deputy Attorney-General, Matthew Brady, District Attorney, and Stanislaus A. Riley, Deputy District Attorney, for Respondent.

RICHARDS, J.—This is an appeal from a judgment of conviction and from the order denying motion for a new trial of the defendant upon an indictment by the grand jury of the city and county of San Francisco, returned on December 1, 1921, charging the defendant with the crime of rape and also upon an indictment by said grand jury returned December 29, 1921, charging said defendant with having violated section 286 of the Penal Code, defining the infamous crime against nature, both offenses being charged to have been committed against one Jessie Montgomery. On motion of the district attorney and over the objection of the defendant, these two charges were consolidated and thereafter came to trial on January 10, 1921. Upon the first trial thereon the jury disagreed and was discharged. Thereafter and on January 14, 1921, the defendant moved for a change of place of trial of the cause to another county, upon the ground that a fair and impartial trial could not be had in the city and county of San Francisco. This motion the trial court denied and on January 17, 1921, the matter came on for retrial before a jury, which, at the conclusion of said second trial, found the defendant guilty of the offenses charged in said indictments. A motion for a new trial was denied, whereupon the defendant has prosecuted this appeal.

[1] The appellant's first contention is that the trial court erred in its order consolidating the two charges against

the defendant for the purposes of the trial. The court in so doing relied upon the provisions of section 954 of the Penal Code, which reads in part as follows: "The indictment or information may charge two or more different offenses connected together in their commission, or different statements of the same offense, or two or more different offenses of the same class of crimes or offenses, under separate counts, and if two or more indictments or informations are filed in such cases the court may order them to be consolidated."

We are of the opinion that the court committed no error in the consolidation of the charges embraced in these two indictments and of their trial together. The two offenses were charged in these separate indictments to have been committed upon the body of the same person. They belong, in our judgment, to the same class of offenses. They are crimes against the person and against public decency and good morals included in title IX of the Penal Code. (*People* v. *Warriner*, 37 Cal. App. 107, [173 Pac. 489].)

[2] The chief objection which the appellant urges against the consolidation of these two charges against the defendant, and of their trial together, is based not so much upon the substance of the indictments as upon the events of the trial, his contention being that the evidence educed thereat showing the defendant to be guilty of having committed the infamous crime against nature discloses that such offense, if committed at all by him, was committed after the several crimes of rape which he was charged with having aided and abetted had been fully consummated; and that this being so, the evidence as to such other crimes would have been inadmissible against the defendant had the charge of the infamous crime against nature been separately tried. Upon the whole record, however, we cannot sustain this contention, since it sufficiently appears therefrom not only that the crimes of rape committed by the other persons upon the person of Jessie Montgomery which this defendant was charged with having aided and abetted were committed in the course of a general orgy of passion and lust in which the defendant took throughout a sufficiently guilty part, but that one of these very crimes of rape perpetrated by one of his associates in the general course of these bestial crimes was practically

coincident in its commission with the particular crime against nature with which the defendant was charged. We can, therefore, see no material prejudice which the defendant sustained by the consolidation and trial together of the charges embraced in these two indictments.

[3] The next contention of the appellant is that the trial court committed prejudicial error in the admission of the testimony of one Jean Stanley as to an offense in the nature of an attempted rape committed by the defendant against her and which was not embraced in either of said indictments. In the case of *People* v. *Murphy, ante,* p. 474, [200 Pac. 484], we have set forth with much detail the evidence as to the occurrences at the place and on the occasion when the several offenses with which the defendant herein was charged in these two indictments were shown to have taken place: that the acts which the defendant himself committed and the acts which were done or attempted by his associates in the debaucheries of that night were so inter-related as to form a continuous series of offenses in which each act and offense of each perpetrator was part of the *res gestae* as to all concerned, we entertain no doubt, and this being so, the testimony of Jean Stanley as to the defendant's brutal and libidinous approaches was admissible, not as proof of another and distinct crime, but as a part and parcel of the series of continuing offenses which went to make up the sordid tragedy in which this defendant played at times an active and at other times a sympathetic part.

[4] The appellant's next contention is that the trial court erred in denying his motion for a change of place of trial, supported, as it was, by affidavits showing an aroused state of public feeling over the commission of the offenses with which the defendant and his associates were charged. It does not appear that any counter-showing was made on behalf of the prosecution, but it does appear that the trial court had before it, through reference in the defendant's showing, the records of the other recent trials of the defendant's associates in the perpetration of the outrages, as a result of which these two indictments against him were presented; and from these records it appeared that no particular difficulty had been experienced in procuring juries to try the defendants in those other cases; but a more significant and controlling state of facts going

to show that the discretion of the trial court in the matter of granting or denying this motion was not abused is to be found in the proceedings immediately following its denial; for it appears that a panel of twelve qualified jurors was actually obtained from a very fair and full *voir dire* examination of thirty-six persons during the course of which the defendant found but two prospective jurors subject to challenge for cause, one of whom was dismissed upon such challenge; and which examination shows no undue state of either passion or prejudice pervading either the courtroom or the minds of those called for jury duty in the case. It is true that the defendant used all of his peremptory challenges before the final juror was obtained, but it does not appear either from the examination of said final juryman or of any other prior juryman that any cause existed for the exercise of any further peremptory challenges as to any of them or that the twelve jurors finally accepted and sworn were not only entirely satisfactory to the defendant, but were not also in all respects qualified to afford him a fair and impartial trial. (*People* v. *Schafer*, 161 Cal. 573, [119 Pac. 920]; *People* v. *Kromphold*, 172 Cal. 512, [157 Pac. 599].) Under these conditions and in the light of these cases, we think that it has not been shown that the trial court abused its discretion in refusing the defendant a change of place of trial or that the defendant was not afforded a fair and impartial trial before the trial court. Counsel for the appellant expressly disclaims any imputation of unfairness, prejudice, or partiality on the part of the trial judge, and, this being so, we feel that the appellant has suffered no prejudice through the denial of his motion for a change of place of trial. We do not deem any other points urged by the appellant worthy of serious or extended discussion.

Judgment and order are affirmed.

Waste, P. J., and Kerrigan, J., concurred.