[Crim. No. 969. First Appellate District, Division Two.—August 5, 1921.]

THE PEOPLE, Respondent, v. JAMES CAREY, Appellant.

[1] CRIMINAL LAW — RAPE — EVIDENCE. — In this prosecution for the crime of forcible rape, the testimony of the prosecutrix was sufficient to justify the verdict of conviction, and it was not so improbable as to warrant the appellate court in setting aside that verdict.

[2] ID.—MORAL DELINQUENCY OF COMPLAINING WITNESS — ERRONEOUS INSTRUCTION. — In a prosecution for rape, an instruction "that the moral delinquency of the girl complainant, if there be any such moral delinquency, is not to be considered as affecting her credibility," is erroneous, in that it gives the jury the impression that the moral delinquency of other witnesses might be considered for that purpose.

[3] ID.—INDICTMENT AS PRINCIPAL—AIDER AND ABETTOR—EVIDENCE—INSTRUCTIONS.—In this prosecution for the crime of forcible rape, evidence of the assaults of all the other members of the party having been admitted without objection, the defendant, who was charged in the indictment as a principal, was not prejudiced by an instruction to the effect that one who aids and abets in the commission of a crime is a principal.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Louis H. Ward, Judge. Affirmed.

The facts are stated in the opinion of the court.

William F. Herron for Appellant.

U. S. Webb, Attorney-General, John H. Riordan, Deputy Attorney-General, Matthew I. Brady, District Attorney, and Stanislaus A. Riley, Deputy District Attorney, for Respondent.

NOURSE, J.—Appellant was convicted on an indictment charging forcible rape upon Jessie Montgomery. He appeals from the resultant judgment and from the order denying his motion for a new trial.

[1] It is first urged that the testimony of the prosecutrix is inherently improbable and insufficient to justify the verdict. This testimony is substantially the same as that reviewed in *People* v. *Murphy, ante,* p. 474, [200 Pac. 484], and in *People* v. *Kruvosky, post,* p. 744, [200 Pac. 831]. It is not necessary to review it here. It is enough to say that it was sufficient, if believed, to justify the verdict, and that it is not so improbable as to warrant this court in setting aside the verdict. The fact that when the prosecutrix was confronted with appellant she merely identified him as one of the party and did not specifically charge him with rape is said to be highly significant. But the prosecutrix was merely asked to make the identification.

[2] Criticism is made of the following instruction: "You are further instructed that the moral delinquency of the girl complainant, if there be any such moral delinquency, is not to be considered as affecting her credibility." The vice of this instruction is that it singles out one witness from all those who appeared before the jury. The jury is told that the moral delinquency of that one cannot be considered by them, thus giving the impression that the moral delinquency of others might be considered. Though the instruction as given cannot be defended, a careful review of the entire record in this particular case fails to show that defendant was prejudiced by it. (*People* v. *Murphy, supra.*)

The same criticism of the instruction on the flight of defendant which was made in the Murphy case is made here, and the court in that case correctly disposed of that objection.

[3] Appellant was charged in the indictment as a principal. The court instructed the jury that one who aids and

abets in the commission of a crime is a principal. This instruction is criticised upon the ground that the jury may have found that appellant merely aided Kruvosky or some other member of the party in the commission of the crime whereas the indictment does not designate such person as a principal. But evidence of the assaults of all the others was admitted without objection and no prejudice resulted from this instruction.

On the hearing of appellant's motion for a new trial the court made use of the transcript of the proceedings in *People* v. *MacDonald, ante,* p. 488, [200 Pac. 491]. The record discloses that the discussion between court and counsel on this subject occurred after the court had determined to deny the motion and that the MacDonald record was used by the court to satisfy counsel of the correctness of that ruling rather than as a basis for it.

The judgment and order denying a new trial are affirmed.

Langdon, P. J., and Sturtevant, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on September 3, 1921.