## 19523

The STATE, Respondent, v. John Edward MILLER, Appellant

(193 S. E. (2d) 802)

2

*C. D. Hopkins, Jr., Esq.,* of Charleston Heights, *for Appellant,*

*Messrs. Robert B. Wallace, Sol.* and *A. Arthur Rosenblum, Asst. Sol.,* of Charleston, *for Respondent,*

November 21, 1972.

As Amended on Denial of Rehearing January 9, 1973.

BRAILSFORD, Justice:

On October 20, 1970, a loan company in Charleston County was robbed by two young males who were armed with pistols. During the course of the robbery one employee

was shot in the hand, another was shot in the back and several others were beaten about the head with a pistol or other blunt instrument. John Edward Miller, the appellant, and Raymond L. Davis were arrested on the following day. In two fairly conducted lineups at which they were represented by counsel, they were identified by employees of the loan company. Davis confessed and gave a statement which inculpated Miller, who denied his guilt.

Miller and Davis were jointly indicted for armed robbery, and, by separate indictments, for assault and battery with intent to kill the two employees who were shot, and for assault and battery of a high and aggravated nature on those who were beaten. When the cases were called for trial, Davis pled guilty to armed robbery, and the other charges against him were dismissed. Miller was put to his trial on the indictment charging armed robbery and on one indictment charging assault and battery with intent to kill. He was convicted of both charges and has appealed to this Court on exceptions which raise a number of questions.

The appellant asserts that the court erred in putting him to his trial, over his objection, on two indictments charging different offenses, and that the court erred in allowing evidence as to injuries inflicted during the course of the robbery on persons other than the one named in the particular assault and battery indictment on which appellant was being tried. The two offenses for which appellant was tried arose out of the same sequence of events and were closely related in time and space. It would be impossible to relate a connected story of the forcible taking of the loan company's money without telling of the accompanying violent injuries to its employees. The question of consolidation of the indictments for trial was within the sound discretion of the trial judge, *McCrary v. State*, 249 S. C. 14, 152 S. E. (2d) 235 (1967), and nothing has been presented which would justify our interference.

While ordinarily evidence of the commission by an accused of other crimes is inadmissible, this rule has no ap-

plication to the factual situation here involved. The physical abuse of the employees during the course of the robbery was part and parcel of the means by which the robbery was accomplished. The following quotation from *State v. Weldon,* 39 S. C. 318, 17 S. E. 688 (1893), quoted with approval in *State v. Brooks,* 235 S. C. 344, 111 S. E. (2d) 686 (1959), and in *State v. Thomas,* 248 S. C. 573, 151 S. E. (2d) 855 (1966), is applicable and disposes of the issue adversely to appellant:

" 'Where the evidence tends to show that the series of offences are so connected together as practically to constitute a continuous transaction, then it is competent to receive evidence of such continuous offences.' " 248 S. C. at 583, 151 S. E. (2d) at 861.

On the day of the robbery the manager and cashier of the loan office had occasion to check the serial numbers on four new twenty dollar bills which had been collected on an account. These bills were taken in the robbery, and afterward were recovered from a merchant who had received them from appellant. Evidence to this effect was admitted without objection. However, when it appeared that the bills had disappeared from a locker at police headquarters, where they had been placed for safekeeping, counsel moved to strike the evidence relating to the bills, the only specific ground stated being that "it's purely hearsay." It is argued in the brief that the admission of this evidence violated the best evidence rule. Since the point was not raised at the trial, it is not properly before us. However, the evidence related to the identity of the bills and not to their contents as written instruments, and the bills had apparently been stolen and were not available at the trial. For these reasons, if the best evidence rule had been interposed, it would have been error to grant appellant's motion to strike on this ground.

The appellant lived with his mother and four brothers in a home provided by her. He charges that the court erred in admitting into evidence articles of new cloth-

ing obtained by an investigating officer, without a search warrant but with the consent and assistance of his mother, from his room in this home. It was by means of this clothing that the defendant was connected with the twenty dollar bills already referred to. The evidence indicated, and the trial judge found, that the mother, with knowledge of her right to forbid a warrantless intrusion, voluntarily invited the officer in and gave him the articles in question. By the great weight of authority, this did not violate appellant's right to be secure against unreasonable search and seizure. See Annot., 31 A. L. R. (2d) 1078 (1970), and Later Case Service, particularly Section 3.

After the State closed its testimony, appellant called Raymond Davis, who had pled guilty to the robbery, as his witness. Davis repudiated the statement which he had given to the officers following his arrest, and testified that appellant was in no way involved in the robbery. He stated that appellant was innocent and named one Robert Smith as his accomplice. Appellant now argues that it was error to admit Davis' original statement, which inculpated him, into evidence. The point is not properly before us because it was not made the basis of an exception. Clearly, however, the witness' prior inconsistent statement was admissible to impeach his trial testimony asserting appellant's innocence.

We conclude, however, that there was prejudicial error requiring a new trial in the admission into evidence of a two - page, handwritten statement purportedly signed by Davis. In the margin at the top of the first page appear these words: "Raymond this is what you write me back (hurry)." The statement commences, "My name is Raymond L. Davis. I am confessing about that arm robbery which happen on Wensday Oct. 20, 1971 about 4:10 or 4:15 that afternoon. Me and my partner Robert Smith which is 5, 10½ inches tall, light complexion. Him and I did comit it. . . ." After considerable detail about the robbery and the actions of the

alleged perpetrators afterward, the statement recites that the writer had told a lie on John Edward Miller, continuing "The statement I gave them is not true this is the real truth he dont know nothing about it he is not guilty, so I hope they will let him go. sign Raymond L. Davis."

The record does not show how the State learned of this writing or gained possession of it. The only attempt to connect it with the appellant in any manner occurred during the cross examination of Davis. We quote:

"Q. Now, while you were in the Charleston county Jail, John Edward Miller sent you this note, didn't he? Look at it and see? Can you read it? He sent you that note when you were in the Charleston County Jail, didn't he?

"A. Yes, he sent it to me.

"Q. He sent you this note?

"A. Yes.

"Mr. Wallace: Your Honor, I would offer this note in evidence.

"Mr. Hopkins: We object to it, Your Honor. He says at this time that it was sent by John Edward Miller.

"A. I don't know who it was sent by, but I got it.

"Mr. Hopkins: He says he doesn't know.

"Mr. Wallace: Your Honor, the testimony was it was sent by John Edward Miller.

"Mr. Hopkins: He now testifies he doesn't know whether it was sent by him, just that he got it.

"A. That's right, I got it.

"Judge Agnew: Are you offering it in evidence?

"Mr. Wallace: I offer it in evidence.

"Judge Agnew: Alright, let it be received.

"(Note marked State's Exhibit Number 15.)

"Judge Agnew: It is received over his objection."

> The witness' original affirmative response to the solicitor's suggestion that the note had been sent to him in jail by appellant was in the nature of a con-

clusion, which would not have qualified the writing without further development of the facts, if any, upon which it was based. The witness having repudiated this conclusion and disclaimed knowledge of the source of the writing, and no other facts having been developed, the proffered exhibit should have been excluded. Its admission, which enabled the State to picture appellant as one who had suborned his accomplice to renounce the truth from the witness stand and to substitute a fabrication accusing an innocent person, was manifestly prejudicial.

Reversed and remanded for a new trial.

Moss, C. J., and Lewis and Bussey, JJ., concur.

Littlejohn, J., dissents.

Littlejohn, Justice (dissenting):

I agree with Mr. Justice Brailford's treatment of all issues except one.

I would affirm the judgment of the lower court and dissent to that part of the opinion which holds that the trial judge erred in admitting into evidence the note which defendant's witness Davis admitted receiving. When the note was admitted into evidence, witness Davis had: (1) repudiated the statement which he had given to officers following his arrest; (2) testified inconsistently with the statement he had previously given; and (3) testified consistent with instructions given to him in the note.

In my view, the note was admissible in evidence on the issue of Davis' credibility regardless of who sent it to him. The State was entitled to show that his testimony was changed and motivated by the note.

The State was entitled to show, if it could, that the note came from the appellant Miller and/or entitled to show that it came from any other person. But the note should not be excluded merely because the State could not prove that it came from appellant Miller. The issue was not whether Miller signed the note or sent it to Davis. The issue involved whether Davis was influenced by it.

"When the execution of a document is *not in issue,* but *only the contents* or the fact of the existence of a document of such tenor, no authentication is necessary." 7 Wigmore on Evidence ¶ 2132 (3rd ed. 1940).

Our Court has recognized this principle in *State v. Waldrop,* 73 S. C. 60, 52 S. E. 793 (1905). The Supreme Court of California, in *People v. Marsh,* 58 Cal. (2d) 732, 26 Cal. Rptr. 300, 376 P. (2d) 300 (1962) states:

"The due execution of the proffered testimony was not involved. The issue was, did defendants receive this material, and if so what effect, if any, did it have on their minds."

To admit in evidence the note, received by Davis, to show that Davis was motivated by it to change his testimony was not error. It was sufficiently qualified for impeachment purposes when he admitted receiving it.

Conceding that the note was not admissible for the purpose of showing that the appellant suborned Davis to renounce the truth from the witness stand, it was admissible on Davis' credibility. In such a case, it would be the duty of the trial judge to charge the jury that it could be considered only on the credibility issue.

When the case is tried over, the note will be admissible in evidence. On appeal, it is incumbent on the appellant to show that he did not receive a fair trial. It has not been shown to my satisfaction that the trial judge erroneously dealt with the matter.

Accordingly, I would affirm the judgment of the lower court.

## ON PETITION FOR REHEARING

*Per Curiam.*

By petition for rehearing the State contends that the note was admitted in evidence solely for the purpose of impeaching the witness Davis. However, the excerpt from the transcript quoted above indicates that the exhibit was offered

and received as evidence against the defendant, and nothing in the record before us, or as supplemented by the petition for rehearing, indicates that it was admitted for the limited purpose of impeachment.

LITTLEJOHN, Justice.

I would grant the motion for a rehearing.