Memorandum. Judgment of conviction affirmed.
Defendant’s motion to suppress certain evidence seized without a search warrant was properly denied. The police originally entered -the premises in response to a request for aid made by defendant’s mother. Defendant was in a semiconscious state when the police arrived, and the officer, upon entering the house, was informed, by defendant’s i20-year-old brother, that defendant had overdrugged himself. The officer also came to •this conclusion upon observing defendant. The mother, who possessed a proprietary interest in the premises, consented to a search of1 the son’s upstairs bedroom, and his physical presence in the house did not vitiate her consent, as he lacked any right to exclusive or undisturbed possession (see Maxwell v. Stephens, 348 F. 2d 325, 336, cert. den. 382 U. S. 944; People v. Carter, 30 N Y 2d 279; People v. Wood, 31N Y 2d 975; People v. Gallmon, 19 N Y 2d 389, cert. den. 390 U. S. 911; People v. D’Iorio, 16 N Y 2d 551).
■Concur — Glickman, P. J., Pittoni and Farley, JJ.