387 So.2d 495 (1980)
STATE of Florida, Appellant,
v.
Robert A. PRESTON, Appellee.
No. 79-385.
District Court of Appeal of Florida, Fifth District.
August 27, 1980.
*496 Douglas Cheshire, Jr., State's Atty., Titusville, and Alan B. Robinson, Asst. State's Atty., Sanford, for appellant.
David M. Porter, Public Defender, and Bennett Ford, Chief Asst. Public Defender, Titusville, Joan H. Bickerstaff, Asst. Public Defender, Cocoa Beach, and Andrew A. Graham, Cocoa, for appellee.
COBB, Judge.
The state appeals from the trial court's granting of defendant's pre-trial motion to suppress evidence on the grounds that a search of defendant's room in his mother's house was conducted without warrant and without consent. Defendant was charged with first degree murder, robbery, kidnapping, and sexual battery.
Concerning whether the defendant consented to a search of his room, we find substantial evidence to support the trial court's conclusion that consent was not freely and voluntarily given. One officer admitted that an interrogation was conducted with officers standing by with blackjacks in their hands, but not in a threatening manner. In addition, defendant testified that during the interrogation one detective grabbed him by the shirt and had a heavy five-cell flashlight in his hand, while another detective had a blackjack and three or four other officers had blackjacks or heavy flashlights. The trial court properly found that defendant's signing a form consent to search the room he occupied in his mother's home was not voluntary the day after the interrogation even though the record does not indicate the defendant was physically abused. We disapprove the use of blackjacks and five-cell flashlights as a means of encouraging suspects to cooperate with the police.
Concerning the consent of the defendant's mother to a search of defendant's room in her house, defendant's mother testified that she was interviewed at a time when she was aware that a homicide had been committed and that her son was a suspect; and admitted that she gave her consent to search defendant's room in her house. A jacket was found across a chair and food stamps were taken from a wastebasket. Defendant's mother testified that defendant paid her no room and board money the month the evidence was seized; that she had access to his room to do the laundry, change his sheets, and clean his room. She stated there were no keys to lock the bedroom doors; that they were seldom locked; that the money that defendant gave her bought groceries; that she entered his room to do laundry and cleaning weekly; that in a prior sworn statement she had stated her son paid no rent and was unemployed. The mother also stated she occasionally ran the sweeper through his room when cleaning the whole house, but that defendant did any other cleaning.
Defendant testified that he had his own bedroom and that when he was employed he paid his mother some money for rent; that his brothers were not allowed to enter his room without his permission; that his mother had access to the room to do the laundry, clothes and linen, and to clean. Defendant admitted he was unemployed at the time the evidence was seized; that he had no key to secure his room when he was gone; that he paid his mother little or nothing for the use of the room; that he had earned between $1,000 and $2,000 the previous year; and that his mother paid the mortgage, electric, water, and phone bills on the premises. Defendant also stated he cleaned his room and his mother had not done so in almost four years.
Defendant's brother testified that defendant had his own bedroom; that his mother cleaned the entire house weekly, including defendant's room; that she also *497 emptied all the trash cans in the house. The defendant, his mother and brother testified that defendant had sole and exclusive occupancy of one of the bedrooms in his mother's home; that defendant's brothers were not permitted to enter his room without knocking first and receiving express permission to enter; that defendant's mother had his permission to enter his room for the limited purpose of bringing him clean clothing and bed linen. Defendant and his mother also testified that though he had paid little or no money in January due to unemployment, he had paid rent in exchange for the use of his bedroom in the past. Defendant's brother, his mother and defendant stated defendant sometimes locked the door to his room.
The trial court granted defendant's motion to suppress on the grounds that the mother did not have the authority to consent to a search of defendant's room.
The state argues that the warrantless search of defendant's room was proper, since the mother could validly give consent. See Owens v. State, 300 So.2d 70 (Fla. 1st DCA 1974), appeal dismissed, 305 So.2d 203 (Fla. 1975); Addison v. State, 243 So.2d 238 (Fla. 4th DCA 1971). According to United States v. Matlock, 415 U.S. 164, 94 S.Ct. 988, 39 L.Ed.2d 242 (1974), the prosecution may justify a warrantless search by proof that
permission to search was obtained from a third party who possessed common authority over or other sufficient relationship to the premises or effects sought to be inspected.
94 S.Ct. at 993.
.....
The authority which justifies the third-party consent does not rest upon the law of property, ... but rests rather on mutual use of the property by persons generally having joint access or control for most purposes, so that it is reasonable to recognize that any of the co-inhabitants has the right to permit the inspection in his own right and that the others have assumed the risk that one of their number might permit the common area to be searched.
94 S.Ct. at 993 n. 7.
Defendant relies upon People v. Nunn, 55 Ill.2d 344, 304 N.E.2d 81 (1973), cert. denied, 416 U.S. 904, 94 S.Ct. 1608, 40 L.Ed.2d 108 (1974), where the Illinois Supreme Court invalidated a search of a son's room, even though the mother had access for housecleaning purposes and had consented to the search, since the son had locked his door and told his mother to let no one enter when he left the premises before the search. In the present case, there was no locked door and no instructions that no one was to enter when defendant left the premises.
We hold that a mother who owns the house, pays the bills and has access to a room for cleaning purposes has sufficient joint occupancy and control for purposes of giving consent to search areas over which she has access. Accord, United States v. Wright, 564 F.2d 785 (8th Cir.1977); Wolfel v. Sanborn, 555 F.2d 583 (6th Cir.1977); United States v. DiPrima, 472 F.2d 550 (1st Cir.1973). The mother here had access for purposes of doing laundry. The jacket, an article of clothing, was left out in the open. The food stamps were found in a wastebasket, another area over which the mother had access. In addition, there is no reasonable expectation of privacy in regard to articles thrown into the garbage or abandoned. See Jones v. State, 332 So.2d 615 (Fla. 1976). This was not a closet or a bureau drawer, and we respectfully disagree with the trial court. We hold, based on all of the facts and circumstances in the record before us, that the mother did have equal access to the areas where these particular articles were found. Compare Malloy v. State, 382 So.2d 1190 (Fla. 1979) and Silva v. State, 344 So.2d 559 (Fla. 1977).
Accordingly, the order of the trial court granting the motion to suppress is
REVERSED.
FRANK D. UPCHURCH and SHARP, JJ., concur.