EL PUEBLO DE PUERTO RICO en interés del menor F. J. M. R., apelante.

*Número:* O-80-542      *Resuelto:* 30 de junio de 1981

*Jorge R. Collazo Sánchez*, de Servicios Legales de Puerto Rico, Inc., abogado del apelante; *Héctor A. Colón Cruz, Procurador General,* y *Lorraine Riefkohl, Procuradora General Auxiliar*, abogados de El Pueblo.

EL JUEZ ASOCIADO SEÑOR DÁVILA emitió la opinión del Tribunal.

Se le imputó al menor haber sustraído un radio Pioneer y unos *casettes* de un vehículo de motor. La prueba estableció que al recibir el agente del orden público una llamada anónima que involucraba al menor con la apropiación ilegal, éste se personó al residencial donde vivía el menor con su padre. Se entrevistó con el padre del menor y obtuvo su consentimiento para conversar con el apelante. Al llegar al apartamiento la puerta estaba entreabierta "y vió a Chocolate [el apelante] recostado en la sala bregando con una envoltura blanca. Entró y la ocupó. Vió más cigarrillos en el sofá". Al lado del menor había una caja de pañales. La ocupó y dentro estaba el *stereo* que resultó ser el objeto de la querella.

No tiene razón la representación legal del apelante al sostener que la ocupación del *stereo* y los cigarrillos de marihuana fue ilegal porque se requería una orden de allanamiento. No se requería, bajo estas circunstancias, una orden de allanamiento para penetrar en la residencia y hablar con el menor. El padre podía consentir al registro del hogar. Esta es la doctrina, pues, como se señala en *Vandenberg* v. *Superior Court*, 87 Cal. Rptr. 876, 880 (1970):

> En calidad de propietario del interés legal en la propiedad, un padre puede transferir a la Policía el derecho limitado de entrar y registrar todas las dependencias, incluso esa parte de la propiedad real que el padre o la madre ha designado para el uso de sus hijos. . . . En calidad de jefe de familia, un padre tiene la responsabilidad y la autoridad para disciplinar, educar y controlar a sus hijos. En el ejercicio de su autoridad paternal, un padre tiene pleno acceso al cuarto asignado a su hijo, a fin de ejercitar su derecho y cumplir con su deber de controlar el comportamiento social de su hijo y obtener obediencia. . . . Permitir a un oficial buscar en un dormitorio, para determinar si su hijo trafica con narcóticos o los usa, nos parece una extensión razonable y necesaria de la autoridad y el control del padre sobre la educación moral, la salud y la higiene personal de sus hijos.

Véase además los casos de : *United States* v. *Wright,* 564 F.2d 785-789 (1977); *Maxwell* v. *Stephens,* 348 F.2d 325 (8th Cir. 1965); *In re David W.,* 163 Cal. Rptr. 87 (1980); *State* v. *Preston,* 387 So.2d 495 (1980); *State* v. *Packard,* 389 So.2d 56 (1980); *People* v. *Fucci,* 359 N.Y.S.2d 697 (1973); *State* v. *Penley,* 200 S.E.2d 1 (1973); *Nelson* v. *State,* 564 P.2d 254 (1977); *State* v. *Miller,* 193 S.E.2d 802 (1973).

■ No es aplicable a los hechos de autos la jurisprudencia que por vía de excepción no permite en situaciones específicas el consentimiento paternal para el registro de ciertas pertenencias del menor o de su habitación. El menor no pagaba renta por la habitación. *Jones* v. *State,* 283 A.2d 184 (1972); *Shelton* v. *State,* 494 S.W.2d 851 (1973); *Mears* v. *State,* 190 N.W.2d 184 (1971). Tampoco es una situación de posesión exclusiva como la de los casos citados por el apelante. (¹) Habiendo entrado legítimamente el agente, los cigarrillos ocupados eran admisibles debido a que el menor estaba cometiendo un acto ilegal a plena vista. *Pueblo* v. *Dolce,* 105 D.P.R. 422, 436 (1976). En cuanto a la ocupación de la caja de pañales, procedía su ocupación por estar localizada en un área que estaba al alcance inmediato del menor. Se justificaba para ocupar armas que pudieran ser empuñadas y utilizadas por el menor para agredir al agente o para intentar una fuga, y para ocupar evidencia que de otro modo el arrestado podía destruir. *Pueblo* v. *Costoso Caballero,* 100 D.P.R. 147, 152-153 (1971).

Se queja el apelante de que no se le advirtió de su derecho de no declarar. No tiene relevancia ese hecho en este caso. El agente ocupó en poder del menor la mercancía hurtada. Eso basta para establecer su responsabilidad, en ausencia de una explicación razonable.

---

(¹) El apelante cita a *In re Scott K.,* 595 P.2d 105 (1979). Allí se trataba de una caja de herramientas bajo llave, que un menor de 17 años poseía. El menor se opuso a que se abriera dicha caja. El Tribunal Supremo de California entendió que no se había establecido "el eslabón necesario entre el interés del padre y la propiedad inspeccionada". Pág. 110.

Impugnan los abogados del menor la determinación que hizo el juez de colocar al menor bajo la custodia del Departamento de Servicios Sociales, además de que no se le permitió conocer el informe social.

En ausencia de error manifiesto, abuso de su discreción, prejuicio o parcialidad, no intervendremos con las determinaciones de las salas de instancia en cuanto a la custodia de un menor incurso en falta. Un examen de la totalidad de los autos demuestra que fue correcta la determinación que hizo el juez de colocar al menor bajo la custodia del Departamento de Servicios Sociales. El apelante es uno de ocho hijos que tuvo un matrimonio que fue disuelto por divorcio. La madre abandonó el hogar cuando el menor tenía siete años. Los hijos menores quedaron al cuidado del padre, que tiene en la actualidad setenta y tres años y no ejerce ningún control sobre los dos hijos que están ahora bajo su cuidado. El apelante abandonó la escuela al cursar el tercer grado y fuma marihuana desde los trece años. Sus otros hermanos menores también tuvieron problemas con la justicia. El informe social recomienda que, de resultar incurso en falta el menor, se entregue su custodia al Secretario de Servicios Sociales. Obviamente, el Estado debe tratar de encarrilarlo adecuadamente en la vida, sustrayéndolo del ambiente en que convive para que sea un hombre de bien. Aparte de que la Regla 11.3 de las de Procedimiento para los Asuntos Cubiertos por la Ley Núm. 97 de 23 de Junio de 1955 (Menores) establece que el expediente social es para el "uso exclusivo del juez", en nada hubiera ayudado al menor el examen del informe social. Todo lo que demuestra es que el menor está viviendo sin restricción alguna, que lo que necesita es una mejor dirección y que el padre no puede proporcionarla. Y eso, sabemos que lo admite el propio padre.

*Se confirmará la sentencia apelada.*

El Juez Presidente Señor Trías Monge no intervino.