## 19810

The STATE, Respondent, v. John Edward MILLER, Appellant

(204 S. E. (2d) 738)

*C. D. Hopkins, Jr., Esq.,* of North Charleston, *for Appellant.*

*Robert B. Wallace, Esq., Sol.,* of Charleston, *for Respondent.*

April 23, 1974.

Moss, Chief Justice:

Credit Thrift Finance Company, on October 20, 1970, was robbed by two black males, each of whom was armed with a pistol. During the course of the robbery two employees were shot and several struck about the head. John Edward Miller, the appellant herein, and his co-defendant, Raymond L. Davis, were arrested the following day and lodged in the Charleston County Jail.

A proper lineup was held at which time the manager of Credit Thrift Finance Company identified the appellant and Davis as the ones who had committed the robbery.

The appellant and his co-defendant were indicted for armed robbery and assault and battery with intent to kill. At the call of the case for trial, Davis entered a plea of guilty to armed robbery. The appellant was tried and found guilty of both charges. An appeal to this Court followed and the

conviction was reversed and the case remanded for a new trial. *State v. Miller,* 260 S. C. 1, 193 S. E. (2d) 802.

Upon remand, the case came on for retrial before the Honorable Clarence E. Singletary, presiding judge, at the 1973 July Term of the Court of General Sessions for Charleston County, resulting in a verdict of guilty. It is from this conviction and sentence that the appellant prosecutes an appeal to this Court.

Soon after the arrest of the appellant and Davis, the latter gave and signed a written statement, wherein he said that he and the appellant were the ones who committed the armed robbery with which they were charged.

The appellant called as his witness the co-defendant, Raymond L. Davis, who admitted his guilt of the crime but named one "Robert Smith" as his accomplice. On cross examination of this witness the State attempted to impeach and contradict him by a prior written inconsistent statement which he admitted having signed. However, when confronted with the statement therein inculpating the appellant, Davis answered by saying "I don't remember." His prior inconsistent statement was admissible to impeach his trial testimony which exculpated the appellant.

The State, in a further attempt to impeach the testimony of Davis, cross examined him concerning a note he received while a prisoner in the Charleston County Jail by showing that the testimony he gave was influenced and dictated by the note which instructed him as to what he should say if he testified. The information contained in the note substantially coincided with the testimony of Davis at this trial and was contrary to his prior written statement. The State conceded that it could not prove that he appellant had sent the note, but it was offered for the sole purpose of impeaching the testimony of Davis. The witness testified that he did not remember receiving the note. The State then laid the proper foundation for contradicting Davis by asking him,

if, on October 26 or 27, 1971, he did not call Officer Frazier to the Charleston County Jail and deliver the note in quesiton to him with the explanation that his previous signed statement was still the truth. Davis' reply to this question was that he did not remember the incident. After the defendant closed his case, the State did, in reply, call Officer Frazier, who testified that at the request of Davis he went to the Charleston County Jail where the note in question was delivered to him by Davis, and he ·explained that his "prior statement was the truth."

The note in question was offered and admitted into evidence, over the objection of the appellant, for the sole purpose of impeaching Davis. The appellant alleges that this was prejudicial error, requiring a new trial. We disagree.

In the margin at the top of the first page of the note appear these words: "Raymond this is what you write me back (hurry)." We quote a portion of the note as follows: "My name is Raymond L. Davis. I am confessing about that arm robbery which happen on Wensday Oct. 20, 1971 about 4:10 or 4:15 that afternoon. Me and my partner Robert Smith which is 5, 10½ inches tall, light complexion. Him and I did commit it. . . ." After considerable detail about the robbery and the actions of the alleged perpetrators afterward, the statement recites that the writer had told a lie on John Edward Miller, continuing "The statement I gave them is not true this is the real truth he dont know nothing about it he is not guilty, so I hope they will let him go. sign Raymond L. Davis."

In *State v. Wardlaw,* 160 S. C. 116, 169 S. E. 840, we held that statements and affidavit of accused's witness made in accused's absence before trial held competent to contradict witness. In *State v. Williams,* 222 S. C. 354, 72 S. E. (2d) 830, we held that the testimony of investigating officer as to a statement made to him by accused's wife shortly after the homicide was admissible for the purpose of con-

tradicting wife, who on cross-examination had denied making statement. Even where the making of the inconsistent statement is denied and it is appropriate to introduce such for the purpose of impeachment, it is the duty of the court, upon request, to instruct the jury that it can consider such evidence for the purpose of impeachment only, not as substantive evidence of the facts. *State v. Bottoms*, 260 S. C. 187, 195 S. E. (2d) 116.

The record shows that the trial judge admitted the note in question solely for the purpose of impeaching Davis as a witness. The trial judge, upon his motion and at the request of both the State and the appellant, charged the jury that the note was admitted only for the purpose of contradicting the witness Davis and could not be considered as evidence against the appellant.

The contention of the appellant that the admission of the note in question as evidence was prejudicial to him is without merit.

The judgment below is,

Affirmed.

LEWIS, BUSSEY, BRAILSFORD and LITTLEJOHN, JJ., concur.