2424

The STATE, Respondent v. Alfred GOVAN, Appellant.

(465 S.E. (2d) 574)

Court of Appeals

*Assistant Appellate Defender Lesley M. Coggiola,* of *the South Carolina Office of Appellate Defense,* Columbia, *for appellant.*

*Attorney General Charles Molony Condon, Chief Deputy Attorney General Donald J. Zelenka, Senior Assistant Attorney General Harold M. Coombs, Jr.,* and *Assistant Attorney General G. Thomas Chase,* all of Columbia; and *Solicitor David Price Schwacke,* North Charleston, *for respondent.*

Heard Nov. 7, 1995.

Decided Nov. 27, 1995.

HOWELL, Chief Judge:

Appellant Alfred Govan appeals his conviction of assault and battery of a high and aggravated nature against JoAnn Johnson.[1] Govan alleges the trial judge erroneously denied Johnson's request not to testify, alleging the privilege of spousal immunity. Without the strength of her testimony, Govan contends that he should have been granted a directed verdict. We disagree and affirm.

## I. *FACTS*

Govan and Johnson never formally married but lived together for four years by the time of the incident at issue. At approximately 3:00 to 3:30 a.m. on November 25, 1993, Govan came to Johnson's home[2] and tried to enter. Johnson refused to admit Govan, and Govan left. A friend of Johnson's, Mary Tolbert, Richard Brown, and Richard's cousin were at the home with Johnson. Govan returned to the home and yanked open a locked screen door. Govan began beating Johnson. Johnson threw hot grease, missing Govan. Govan pulled a knife on

---

[1] Govan was sentenced to ten years.

[2] The parties separated a week prior to this incident.

Johnson and Johnson grabbed the blade end of the knife, cutting her hand. Tolbert got the knife away from Govan. Johnson ran out of the door and Govan beat her in the yard. Govan yelled "You used to be pretty at one time, but when I'm finished with you, nobody will want you." Tolbert threatened to call the police, and Govan stopped beating Johnson. Tolbert called EMS and brought Johnson into the house. Johnson passed out, and when she awoke, paramedics were attending her. Johnson was coughing up blood from her nose and mouth, hyperventilating, and required ten or twelve stitches in her hand, nine stitches in her mouth, and had bruises and internal injuries. Johnson filed charges against Govan, and later tried to drop them. The State subpoenaed her to testify and she claimed spousal immunity.

Prior to trial the judge's questioning revealed Johnson considered herself Govan's wife, she wanted the rest of the world to consider them married, and she has tried to give that impression to other people. The trial judge heard Johnson's spousal immunity motion and stated "Let's assume that Ms. Johnson and Mr. Govan are common law married, let's assume that." The trial judge further stated:

> I think . . . under this set of circumstances that she can be compelled at this time to testify as to the truth of the matter of what occurred between her and her husband on whatever occasion that was.

At trial, Johnson and Tolbert testified concerning the events that occurred at the house. The trial judge sentenced Govan to ten years.

## II. *DISCUSSION*

Govan argues the trial judge erred in denying Johnson's spousal immunity motion, and permitting the State to compel her testimony. We disagree. The State argues Johnson was not entitled to invoke the privilege of spousal immunity because the privilege does not protect Govan's assault. S.C. Code Ann. Section 19-11-30 (Supp. 1994) states:

> In any trial . . . the husband or wife of any party thereto . . . is . . . competent and compellable to give evidence, the same as any other witness. . . . However, no husband or

wife may be required to disclose any confidential or, in a criminal proceeding, any communication made by one to the other during their marriage.

The State contends because Govan's actions in assaulting Johnson are not communications, Section 19-11-30 does not apply. We agree. A communication is defined as "[i]nformation given; the sharing of knowledge by one with another . . . a deliberate interchange of thoughts or opinions between two or more persons." *Black's Law Dictionary* 279 (6th ed. 1990). The physical acts of an assault cannot be considered communications. *See* 81 Am. Jur. (2d) *Witnesses* § 299 (1992) (In cases involving crimes committed by a spouse against a spouse, the marital communication privilege is inapplicable.). We hold there is no message communicated in a beating such as this and, accordingly, the conviction is

Affirmed.

CURETON and GOOLSBY, JJ., concur.