THIS OPINION
 HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent,
 v.
 Stanley Rasheem
 Oliver, Appellant.
 
 
 

Appeal From Richland County
 G. Thomas Cooper, Jr., Circuit Court
 Judge
Unpublished Opinion No. 2010-UP-553
Submitted December 1, 2010  Filed
 December 21, 2010
AFFIRMED

 
 
 
 Senior Appellate Defender Joseph L. Savitz, III, of Columbia, for
 Appellant.
 Attorney
 General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh,
 Assistant Deputy Attorney General Salley W. Elliott, Assistant Deputy Attorney General Donald J. Zelenka, and Solicitor
 Warren Blair Giese, all of Columbia, for Respondent.
 
 
 

PER CURIAM:  Stanley
 Rasheem Oliver appeals his convictions and sentence of life imprisonment for
 three counts of murder, two counts of armed robbery, kidnapping, and
 first-degree burglary.  Oliver argues the trial court erred in admitting into
 evidence the witness's signed, written statement when the witness remembered
 giving a statement but denied the substance of the statement.  We affirm[1] pursuant to Rule  220(b)(1), SCACR,
 and the following authorities:  State v. Blalock, 357 S.C. 74, 80, 591
 S.E.2d 632, 636 (Ct. App. 2003) ("[A] witness's failure to fully recall
 her prior statement has been found to be a sufficient denial to allow extrinsic
 evidence . . . for otherwise the witness might in every such case exclude
 evidence of what he has done or said by answering that he did not
 remember."); State v. Miller, 262 S.C. 369, 371, 204 S.E.2d 738, 738-39 (1974)
 (holding witness's prior inconsistent statement was admissible where witness
 admitted signing the statement but failed to remember the incriminating
 statements about the defendant); State v. Carmack, 388 S.C. 190, 201, 694 S.E.2d 224, 229 (Ct. App. 2010) (holding
 admission of prior inconsistent statement "must be unequivocal").   
AFFIRMED.
FEW, C.J., and SHORT and WILLIAMS, JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.