**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

The State, Respondent,

v.

Michael L. Couch, Appellant.

Appellate Case No. 2011-203927

Appeal From Oconee County
Alexander S. Macaulay, Circuit Court Judge

Unpublished Opinion No. 2013-UP-313
Heard June 13, 2013 – Filed July 10, 2013

**AFFIRMED**

Appellate Defender David Alexander, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Jennifer Ellis Roberts, both of Columbia, for Respondent.

**PER CURIAM:**  Michael L. Couch appeals his conviction for assault and battery of a high and aggravated nature, criminal domestic violence of a high and

aggravated nature, and possession of a weapon during the commission of a violent crime.  We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1.      As to whether the trial court erred in admitting a written statement into evidence despite the writer's invocation of the spousal communications privilege and pursuant to Rule 613(b) of the South Carolina Rules of Evidence: *State v. Douglas*, 369 S.C. 424, 429, 632 S.E.2d 845, 847-48 (2006) ("The admission or exclusion of evidence is a matter addressed to the sound discretion of the trial court and its ruling will not be disturbed in the absence of a manifest abuse of discretion accompanied by probable prejudice."); *State v. Govan*, 320 S.C. 392, 395, 465 S.E.2d 574, 575 (Ct. App. 1995) ("A communication is defined as '[i]nformation given; the sharing of knowledge by one with another . . . a deliberate interchange of thoughts or opinions between two or more persons.'  The physical acts of an assault cannot be considered communications." (citation omitted)(alterations by Court)); Rule 613(b), SCRE ("If a witness does not admit that he has made the prior inconsistent statement, extrinsic evidence of such statement is admissible. However, if a witness admits making the prior statement, extrinsic evidence that the prior statement was made is inadmissible."); *State v. Miller*, 262 S.C. 369, 371, 204 S.E.2d 738, 738-39 (1974) (affirming the admission of extrinsic evidence when the witness admitted signing a statement but when confronted with a portion of the statement said "I don't remember"); *State v. Blalock*, 357 S.C. 74, 80, 591 S.E.2d 632, 636 (Ct. App. 2003) ("Generally, where the witness has responded with anything less than an unequivocal admission, trial courts have been granted wide latitude to allow extrinsic evidence proving the statement.  For example, a witness's failure to fully recall her prior statement has been found to be a sufficient denial to allow extrinsic evidence.").

2.      As to whether the trial court erred in failing to sever the cases involving each of the victims:  *State v. Simmons*, 352 S.C. 342, 350, 573 S.E.2d 856, 860 (Ct. App. 2002) ("A motion for severance is addressed to the sound discretion of the trial court.  The court's ruling will not be disturbed on appeal absent an abuse of that discretion." (citations omitted)); *id.* at 350, 573 S.E.2d at 860 ("Where the offenses charged in separate indictments are of the same general nature involving connected transactions closely related in kind, place and character, the trial judge has the power, in his discretion, to order the indictments tried together if the defendant's substantive rights would not be prejudiced."); *id.* ("Offenses are considered to be of the same general nature where they are interconnected.").

**AFFIRMED.**

**HUFF, WILLIAMS, and KONDUROS, JJ., concur.**